**PLAINS/ANADARKO–P LIMITED PARTNERSHIP; Plains/Anadarko SL Limited Partnership; and Plains/Anadarko-A Limited Partnership, Plaintiffs,**

v.

**COOPERS & LYBRAND, Defendant.**

**No. 86 Civ. 4140 (MP).**

United States District Court,
S.D. New York.

April 20, 1987.

Fried Frank Harris Shriver & Jacobson by Gregory P. Joseph, New York City, for plaintiffs.

Cahill Gordon and Reindel by Thomas J. Kavaler, New York City, for defendant.

### AMENDED MEMORANDUM

MILTON POLLACK, Senior District Judge.

Defendant Coopers & Lybrand ("Coopers") moves, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, to dismiss plaintiffs' amended complaint. Plaintiffs, three limited partnerships who participated in several oil and gas exploration ventures in the early 1980s, have sued Coopers on the basis of Coopers' audits of Trans-Western Exploration, Inc. ("Trans-Western"), the entity which managed the energy businesses in which plaintiffs participated. Plaintiffs claim that Coopers certified materially false financial statements of Trans-Western.

Turning first to claim one, defendant asserts that loss causation and the specificities of fraud by the accountants are insufficiently pleaded. The pleading, while not entirely a model of clarity, is sufficient to proceed upon. Suffice it to say that discovery will adequately enable the defendant to be advised of what they must meet. Motions addressed to claim one are denied.

The second claim mirrors claim one, with the addition of language of aiding and abetting and fiduciary duty. Scienter is the *sina qua non* of any § 10(b) claim, whether framed in terms of primary or secondary liability. *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 570 F.2d 38, 44 (2d Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 698 (1978). The plaintiffs, in proceeding on claim one, will have to prove scienter on the part of Coopers. The standard plaintiff must meet is not lowered by claim two's allegations of fiduciary duty because no fiduciary duty is involved in the nature and scope of the auditing engagement by Coopers as set forth in the papers. The second claim is thus logically subsumed under claim one and is redundant. Claim two is therefore dismissed.

The amended complaint next asserts five pendent state law claims. These state created claims are garden variety common law or foreign law statutory causes of action. Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Judicial economy, convenience and fairness to litigants would not be served by entertaining in this Court these state-created causes as pendent to a Section 10 federal securities claim, which poses wholly different considerations and standards. Such pendent charges pose unnecessary trial complications in a jury case, as here, by requiring consideration of common law and, here, Texas statutory causes. Claims three through seven will thus be dismissed.

The eighth claim is posited under the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §§ 1961–1968; that claim is dismissed for insufficiency. The claim asserted does not qualify under the federal statutes on which

240

it purports to rest. The claim attempts to squeeze an independent professional auditing engagement into the ferment of the RICO statutes, but it requires more than loose adjectives and characterizations to connect activities of an independent professional auditor with frauds committed by the enterprise being audited. The only relationship between the two activities here asserted is that a service employment was entered into to carefully and properly audit the alleged enterprise and that that this employment was breached; the respective activities of the professional accountants and of the enterprise are unconnected and unrelated. A state court case, which is pending, alleges that the services of the accountants amounted to a fraud. This RICO case is an attempted but insufficient gloss on that state court claim.

The federal statutory requirement that an enterprise be *conducted* by the accused accountants is not satisfied when a professional accountant enters an engagement of finite duration and scope, undertaken for a particular client; nor does such a set-up express the essential "continuity" element of a racketeering enterprise embraced by the statute. The auditing and reporting acts of the accountants, without more, would not establish a connection to the enterprise or the pattern requirements of the statutes; they would be auditing acts, not enterprise activities nor connected or interrelated activities. "[O]ne conducts the activities of an enterprise through a pattern of racketeering when (1) one is enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise, or (2) the predicate offenses are related to the activities of that enterprise. Simply committing predicate acts which are unrelated to the enterprise or one's position within it would be insufficient." *United States v. Scotto*, 641 F.2d 47, 54 (2d Cir.1980), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981). Defendant here did not conduct the enterprise challenged. Claim eight is dismissed.

An amended complaint drawn accordingly should be served and filed within 20 days from the date hereof.

So Ordered.